45   395
139   403

[No. 3,604.]

# THE PEOPLE OF THE STATE OF CALIFORNIA, BY JOHN L. LOVE, THEIR ATTORNEY GENERAL, UPON THE RELATION OF HARRY LINDEN, v. THE BOARD OF SUPERVISORS OF THE COUNTY OF ALAMEDA.

MOTION FOR WRIT OF MANDATE ON PLEADINGS.—A motion for a peremptory writ of mandate based on the pleadings, in an application for such writ to the Supreme Court, to compel the Board of Supervisors of a county to order an election for a county seat under sections three thousand nine hundred and seventy-six to three thousand nine hundred and eighty-five of the Political Code, will be denied, if the answer denies that one third of the voters who voted, and whose names were on the Great Register at the election preceding the presentation of the petition to the Board of Supervisors, signed the petition.

QUESTION OF FACT IN MANDAMUS CASE TO BE REFERRED TO SOME DISTRICT COURT.—If, on an application for a writ of mandate, to compel a Board of Supervisors to order an election to locate a county seat, the answer denies that one third of the voters, whose names were on the Great Register, signed the petition to the Board of Supervisors, the Supreme Court will order the question of fact, as to whether one third of the voters signed such petition, to be referred to some District Court for trial, and the verdict upon the question to be certified to the Supreme Court.

WRIT OF MANDATE ON PLEADINGS.—If, in an application for a writ of mandate, made to the Supreme Court, the answer denies a material averment in the complaint, a peremptory writ will not be issued on the pleadings.

DENIALS IN ANSWER TO PETITION FOR WRIT OF MANDATE.—The answer to a petition for a writ of mandate, presented to the Supreme Court, may deny the allegations of the petition, upon information and belief.

ORDER TO DISTRICT COURT ON REFERRING QUESTION OF FACT IN MANDATE PROCEEDINGS.—Upon an application to the Supreme Court for a writ of mandate to a Board of Supervisors, to compel such Board to call an election to determine the location of a county seat, if an issue of fact, as to

the number of voters who signed the petition for the election, is referred to a District Court for trial, such District Court will be directed to cause to be brought before it, by appropriate order, the original petition to the Board, its records, and the Great Register of the county. .

Application to the Supreme Court for writ of mandate to compel the Board of Supervisors of the County of Alameda to make an order calling an election to determine the question of the removal of the county seat, under sections three thousand nine hundred and seventy-six to three thousand nine hundred and eighty-five of the Political Code.

On the 10th day of December, 1872, a petition was presented to the Supreme Court, praying for an alternative writ of mandate to the Board of Supervisors of Alameda County. The petition stated that, on the 22d day of October, 1872, the relator presented to said Board a petition praying for an election to be called for a removal of the county seat from San Leandro, where it was fixed by law; that such petition was signed by one thousand four hundred and fifty-two residents and electors of said county, whose names were on the Great Register, and that they composed more than one third of all the votes cast in Alameda County at the last pending general election, and that, at the time of presenting the petition, the relator also presented proof that the persons who signed it were electors of said county, and their names were on the Great Register, and that the names of the petitioners were signed by themselves, and that four thousand and sixty were the whole number of votes cast in said county at the last preceding election, and that said Board refused to call the election.

The answer admitted the presentation of a petition, and averred that some of the names affixed to the petition were placed there by persons other than petitioners, and without their assent, and denied that it was made to appear to the Board that the persons whose names were on the petition signed it, or that any testimony was offered to the Board

that the signatures to the petition were genuine, or that one thousand four hundred and fifty-two electors, whose names were on the Great Register, signed it. The answer also alleged that, excepting the fact that names similar to those on the Great Register were found on the petition, no proof of identity was offered. The answer also denied that the Board of Supervisors were satisfied with the proof offered to establish the facts stated in the petition, and alleged that the Board was not satisfied, and that more than one hundred persons who signed the petition were, and now are, opposed to the petition being used or acted upon by the Board.

The petitioner moved for a peremptory writ on the pleadings, and also moved to strike out the answer as sham, false, and frivolous, and because the denials were made upon information and belief. Affidavits were filed by the petitioner in support of the proposition that the answer was false, sham, and frivolous.

The other facts are stated in the opinion.

*Foote & Haight*, for Relator.

*A. A. Moore, District Attorney of Alameda County*, and *William Irvine*, for Respondents.


By the Court, WALLACE, C. J.:

The motion of the petitioner for a peremptory writ of mandamus upon the pleadings is denied.

The motion to strike out the answer of the respondents is sustained, except as to that portion of the answer which is in the following words, viz.:

"And denies, upon information and belief, that there were, in fact, the number of one thousand four hundred and fifty-two, or other number equal to one third of all the votes cast at the last preceding general election in said county, of genuine names of electors of said county, signed to the

said petition, whose names were on the Great Register of said county;" and as to the recited portion of said answer the said motion is denied.

It is ordered that the following question of fact be tried: Was the petition (alleged in the application for the writ to have been presented to the Board of Supervisors of Alameda County) signed by as many as thirteen hundred and fifty-five persons, who were, at the time of such signing, qualified electors of the County of Alameda?

It is further ordered, that the aforesaid question be tried before a jury in the District Court of the Twentieth Judicial District, in and for the County of Santa Clara, as soon as the current business of the Court will permit; that a certified copy of the petition on file in this Court, praying a writ of mandamus, together with a certified copy of this order, be transmitted forthwith to the Clerk of the said District Court of the Twentieth Judicial District, in and for the County of Santa Clara.

And it is further ordered, that the said District Court, upon the application of either party, by subpœna *duces te cum*, or appropriate order, cause the original petition, and such other records of the Board of Supervisors of the County of Alameda, as may be necessary, and also the Great Register of the County of Alameda, if the same be necessary, to be produced before the said Court, at the trial of said question.

And it is further ordered, that the verdict upon said question be certified to this Court in due form, and that the further hearing of the application in this behalf be postponed until said trial by jury be had, and the verdict certified and returned as aforesaid.