[Civ. No. 2705.  Second Appellate District.—November 11, 1918.]

CHARLES C. HIRONS et al., Respondents, v. MONTROSE W. CLARE et al., as Members of the Board of Trustees of the City of East San Diego et al., Appellants.

PLEADING—VERIFIED COMPLAINT—GENERAL DENIAL.—A general denial in an answer is insufficient to put in issue the material allegations of a verified complaint.

MUNICIPAL CORPORATIONS—CONSOLIDATION—EAST SAN DIEGO AND SAN DIEGO—CALL FOR SPECIAL ELECTION—SUFFICIENCY OF PETITION.— Under the provisions of the Municipal Consolidation Act of 1913 (Stats. 1913, p. 577) as amended in 1915 and 1917 a petition signed by one-fourth of the qualified electors of the city of East San Diego filed with the legislative body of that city gave the power, and created the duty, in such body to call a special election for the consolidation of that city with the city of San Diego adjacent and contiguous thereto, and a certificate of the city clerk as to the sufficiency of the petition was not necessary.

ID.—MANDAMUS — JUDGMENT — VALIDITY.—A judgment in *mandamus* proceedings directing the trustees of the city of East San Diego to call a special election within fifty days under the Municipal Consolidation Act was not void because of the claimed impossibility of compliance by the city trustees since most of, if not all, the steps to be taken for the calling of such election could have been taken at special or adjourned meetings.

APPEAL from a judgment of the Superior Court of San Diego County.  W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

F. G. Blood, for Appellants.

Allen Brant and John H. Moore, for Respondents.

MYERS, J., *pro tem.*—This is an appeal from a judgment of the superior court, after hearing upon the return of an alternative writ of mandate and defendants' answer thereto, adjudging and ordering that a peremptory writ issue commanding and directing said defendants, as trustees of the city of East San Diego, a municipal corporation of the sixth class, to call and hold a special election for the consolidation of said city with the city of San Diego, adjacent and contiguous thereto, pursuant to the provisions of the Municipal Consolidation Act of 1913, and the amendments thereto of 1915 and 1917.

The court below filed findings of fact wherein it found, generally and specifically, that all the material allegations of the complaint are true. It appears, moreover, from an inspection of the record that all of these allegations were admitted by the failure to deny them in the answer. The complaint being verified, a general denial was insufficient to put them in issue.

From the facts thus established, it appears that a petition was duly filed with said board of trustees of said city of East San Diego, signed by more than one-fourth in number of the qualified electors of said city, asking and requesting that a special election be called to vote upon the question of such consolidation, and that said defendants refused and ever since have refused to call or hold said election.

Appellants' first contention is that they were not required to call said election because it does not appear that the city clerk, to whom the petition was referred by them for checking, ever reported back to them that it was sufficient. Appellants cite *Davenport* v. *City of Los Angeles*, 146 Cal. 511, [80 Pac. 684]. That case is not in point here. It arose under a provision of the charter of Los Angeles, which expressly made such certificate of the city clerk a condition pre-

cedent to the action of the city council. The statute under which petitioners are proceeding here does not provide for or require any such certificate. It provides as follows: "Whenever a petition, signed by not less than one-fourth in number of the qualified electors of any municipal corporation, . . . is filed with the legislative body thereof, asking that such municipal corporation and any other municipal corporation contiguous thereto, designated in such petition, . . . be consolidated, such legislative body must, without delay, call a special election," etc. This case is, therefore, ruled by the case of *People* v. *Town of Ontario*, 148 Cal. 625, 635, [84 Pac. 205], wherein the court says: "It is the petition signed by the requisite number that gives the power and creates the duty."

Appellants urge that the Municipal Consolidation Act here in question (Stats. 1913, p. 577), as amended in 1915 [Stats. 1915, p. 311], and in 1917 [Stats. 1917, p. 26], is in violation of section 18, article XI, of the constitution, which provides: "No county, city, . . . shall incur any indebtedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the qualified electors thereof, voting at an election to be held for that purpose."

The original act, as enacted in 1913, provided for the submission to the voters, at an election held under it, of the question whether or not the city in which they were voting should, in the event of such consolidation, assume and become liable for its *pro rata* of specified bonded indebtedness which had been theretofore created by the other city with which such consolidation was proposed. It further provided that, in the event of an affirmative two-thirds vote thereon, the property in such city should, after the consolidation, be taxed equally with the property in the other city for the payment of such bonded indebtedness. By the amendments of 1915 and 1917 this provision for a two-thirds affirmative vote was changed to a majority vote; and appellants' contention is that the statute as so amended is in violation of the constitutional prohibition above referred to and is, therefore, void.

The first answer which suggests itself is that, so far as disclosed by the record in this case, no question of the incurring or assumption of indebtedness is involved. Appellants in their brief quote what they assert to be a copy of the petition

for the election involved in this case, but the record before us
does not bear out this assertion. This is an appeal under the
alternative method and comes before us on the clerk's tran-
script alone, which contains duly certified copies of the judg-
ment-roll, the peremptory writ of *mandamus*, Exhibit ''A''
(whatever that may be), notice of appeal and notice to pre-
pare transcript. Bound in with this are certain other papers
which we might guess are copies of papers which may have
been received in evidence during the trial. But there is nothing
in the record which in any way identifies them, and we are
therefore wholly unwarranted in making such an assumption.
If we should assume, however, that the question of the assump-
tion of such bonded indebtedness was involved in the election
here sought to be called, it is apparent that the question of
the constitutionality of the statute in this connection would
not be raised, unless at that election the proposition should
receive an affirmative vote of more than a majority and less
than two-thirds of the electors, and we are not called upon
here to speculate on the question whether or not in such event
it would be held that the amendments of 1915 and 1917 were
unconstitutional, thus leaving the statute as originally en-
acted in 1913 in full force and effect.

In view of what we have just said, we do not deem it neces-
sary to consider appellants' contention that if the act be
unconstitutional, then it follows that the petition was signed
by the voters under a misapprehension as to its effect and
cannot be made the basis of any action in the premises.

It is further contended that the judgment here is void
because of the impossibility of compliance therewith by the
defendant trustees. The judgment provided for the issuance
of a peremptory writ, commanding defendants to fix the date
for the holding of said election not later than fifty days from
the service thereof. Appellants call attention to the fact that
the regular meetings of the board of trustees of the city of
East San Diego are fixed by ordinance to be held on the first
and third Tuesdays of each month. They present a schedule
of the steps required to be taken in the calling and holding
of such election, from which they conclude that the earliest
possible date on which it could have been held would be sixty-
eight days after the service on them of the peremptory writ.
This is based upon the assumption that no steps would be
taken by them except at regular meetings, and wholly ignores

the fact that most, if not all, of such steps could have been taken at special or adjourned regular meetings, as provided in section 763 of the Municipal Corporation Act, [Stats. 1883, p. 252].

The judgment appealed from is affirmed.

Conrey, P. J., and James, J., concurred.