[Civ. No. 2455.  Third Appellate District.—March 22, 1922.]

C. W. CHAMBERS, Petitioner, v. GLENN–COLUSA IRRIGATION DISTRICT et al., Respondents.

[1] Irrigation District — Recall Petition — Insufficiency — Omission of Electors to Affix Date of Signing.—A writ of mandate will not issue to require the secretary of the board of directors of an irrigation district to certify to the sufficiency of an alleged petition filed with him for the recall of the directors and also to require the board to call an election based on such petition, where none of the signers of the petition affixed thereto the date of "such signing" as provided by section 1083a of the Political Code, as amended in 1915.

APPLICATION for a Writ of Mandate to compel the certification of a petition for the recall of directors of an irrigation district.   Denied.

The facts are stated in the opinion of the court.

Frank Freeman and George R. Freeman for Petitioner.

Hankins & Hankins for Respondents.

BURNETT, J.—By an original application to this court petitioner seeks a writ of mandate to require the secretary of the board of directors of said district to certify to the sufficiency of a certain alleged petition filed with him for the recall of the directors and also to require the board to

1. *Mandamus* to compel performance of public duty at instance of private party, notes, 7 Am. St. Rep. 484; 125 Am. St. Rep. 492.

call an election based on such petition. It may be stated that, of the three directors sought to be recalled, one has died and another has resigned and their successors have been chosen since the petition was presented to the secretary. A demurrer on various grounds has been filed by the Irrigation District and the board of directors and a separate demurrer and an answer by the secretary, Charles F. Lambert. The answer puts in issue the question of the sufficiency of the alleged petition both as to form and the necessary signatures and also denies that the petition referred to in this application is the same as the recall petition which was filed with him. We think, though, that we need go no further than the admitted facts to reach the conclusion that the writ should be denied.

The office of the writ of mandate is well understood and it is not doubted that the duty of said secretary in the premises is ministerial in its character. If the law imposed upon him the obligation to certify to said petition, manifestly the writ will issue. Whether such was his duty depends upon the question whether said petition complied with the requirements of the law. Section 28½ of the Recall Act, referring specifically to irrigation districts, approved January 2, 1912 (Stats. 1911, Extra Sess., p. 135), provided for the following procedure in such case: "A petition demanding the election of a successor to the person sought to be removed shall be filed with the secretary of the board of directors of such district, which petition shall be signed by registered voters in number to at least twenty-five per cent of the highest vote cast within such district for candidates for the office, the incumbent of which is sought to be removed, at the last general election in such district at which an incumbent of such office was elected . . . and said petition shall contain a statement of the grounds on which the removal or recall is sought. '. . . Each signer shall add to his signature his place of residence, giving the precinct, and if within a town having named streets and numbered houses, street and number. Each such separate paper shall have attached thereto an affidavit made by an elector of the district and sworn to before an officer competent to administer oaths, stating that the affiant circulated that particular paper and saw written the signatures appended thereto; and that accord-

ing to the best information and belief of the affiant, each is the genuine signature of the person whose name purports to be thereunto subscribed and of a qualified elector of the district.   Within ten days from the date of filing such petition, the secretary of the board shall examine and from the records of the registration ascertain whether or not said petition is signed by the requisite number ·of qualified electors, and he shall attach to said petition his certificate showing the result of said examination.''

Subsequent legislation upon the subject, however, is found in section 1083a of the Political Code.   As enacted in 1913 it provided:   ''Whenever, by the constitution or law of this state any initiative, referendum, recall or nominating petition is required to be signed by qualified electors, only an elector who is a registered qualified elector at the time he signs such petition, shall be entitled to sign the same.''

In 1915 to the foregoing was added the following amendment: ''Whenever, by the constitution or law of this state any . . . recall petition . . . is required to be signed, . . . such signers shall at the time of so signing such petition or paper affix thereto the date of such signing.''

[1]  It is not disputed that the foregoing section of the Political Code is a part of the law applicable to the case herein, and it is admitted that none of the signers to the petition affixed thereto the date of ''such signing.''  The requirement is, of course, plain and unequivocal, within the power of the legislature to prescribe, and there is no good reason for holding it to be otherwise than mandatory. If it may be disregarded, any other prerequisite in reference to the petition may be ignored.   The importance of it is seen in the fact that the signers must be electors at the time their signatures are attached and the secretary of the board determines their qualifications by an inspection of the petition and of the great register of the county.   He is not required to go beyond an examination of these documents to ascertain whether the petitioners were qualified signers.

In *Wright* v. *Engram,* 186 Cal. 659 [201 Pac. 788], the supreme court said: ''The law does not require him to go outside for information but he must determine 'from the records of registration' whether or not the fact exists. Such an examination involves merely ministerial acts and

is in no sense judicial." Therein the law required the clerk to ascertain only "whether or not said petition is signed by the requisite number of qualified voters" and he was to determine this from an examination of "the records of registration." But herein there was the additional requirement that we have mentioned and the secretary could not determine by an inspection of the petition when the signatures were attached. It was not therefore his "plain, ministerial duty" to certify the petition to the board. It is proper to construe liberally this as well as other provisions of the law to effect the intention of the legislature, but to hold that there was in this case a substantial compliance with the requirement of the statute would be a judicial usurpation of the function of the law-making branch of the government.

We may add that the requirement is reasonable and easy to be observed and it was no arbitrary exercise of power on the part of the secretary to refuse to certify such petition.

The answer of petitioner to this contention is that, "the petition alleges that all the names to each of the separate papers were subscribed by the signers thereto on the same day," and, moreover, the consideration was decided adversely to respondents' contention by this court in *Chester* v. *Hall*, 55 Cal. App. 611 [204 Pac. 237]. As to the first of these, the petition herein for a writ of mandate does show to this court the time when the signatures were attached, but the real question is, What did the petition for recall show to the secretary of the board? We are to determine whether the writ should issue by a consideration of the situation as it was presented to him; and, as we have seen, the showing was not such as to make it his duty to certify the petition.

The allegation that "said papers so constituting said petition were as follows: (a) One was dated Dec. 30, 1921, and all signatures thereon were placed thereon by the registered voters therein named on the same day, and said paper was circulated by George A. McDermott, and the affidavit of said George A. McDermott attached thereto was taken by him before George L. Harden, a notary public in and for the county of Colusa, California, on December 30, 1921, and that paper contained 32 signatures," not only

fails to show that the signers affixed the date of their signatures but it does not indicate that there was anything upon the face of the record whereby the secretary could determine when the petition was signed. Even the affidavit of the elector did not state *when* the signature was made but only that he "circulated that particular paper and saw written the signatures appended thereto, and that according to the best information and belief of the affiant, each was the genuine signature of the person whose name purported to be thereunto subscribed and of a qualified elector of said district."

In the Chester case, *supra,* it was not decided that the provision requiring the signer to affix the date of his signing is merely directory, but it was held to be a rational conclusion from a consideration of the whole record that a sufficient number of the electors had so affixed the dates. Moreover, in that case it is stated that, "the answer admits that more than the required number of qualified electors signed the petition and affixed thereto the dates of their respective signatures." In addition, the clerk had certified that a sufficient number of electors had signed the petition but he based his refusal to act upon the claim that the petition was fatally defective in respect to the affidavit required to be attached thereto.

Other points are made by respondents, but we think the foregoing is decisive of the controversy.

The application for the writ is denied and the petition dismissed.

Finch, P. J., and Hart, J., concurred.