[Civ. No. 7086. First Appellate District, Division One.—August 31, 1929.]

FRANK G. CROWHURST, Petitioner, v. THE CITY COUNCIL OF THE CITY OF ALBANY et al., Respondents.

Clark, Nichols & Eltse for Petitioner.

Lovett K. Fraser for Respondents.

THE COURT. — This is a proceeding in *mandamus* to compel the City Council of the City of Albany and the individual members thereof to submit without delay to the electors of that city at a special election to be called and held pursuant to the provisions of section 2 of the Municipal Consolidation Act of 1913 (Stats. 1913, p. 577) the proposition whether such municipality shall be consolidated with the city of Berkeley.

The electors' petition filed with the City Council initiating the proceedings for the holding of such election was the second one of its kind to be filed for that purpose. The first was declared illegal by this court on March 15, 1929, upon the ground that it did not conform to the requirements of the statute (*Carter* v. *Green,* 97 Cal. App. 564 [276 Pac. 120]). Before the judgment therein became final and on April 8, 1929, a new petition was filed with the City Council, upon which it refused to act on the ground that the legal proceeding involving the validity of the first petition was still pending. Thereupon *mandamus* proceedings were instituted to compel the Council to take action thereon, and on May 20, 1929, Division Two of the District Court of Appeal, District One, held adversely upon all objections raised by the Council, and directed that the writ issue as prayed (*Crowhurst* v. *Green et al.,* 99 Cal. App. 58 [277 Pac. 887]). Thereafter and on July 23, 1929, the petition was again brought before the Council, at which time it was referred to the city clerk for certification of the signatures, and on August 12, 1929, the petition was certified as being legally sufficient. On the same day the City Council passed a resolution calling the special election, but fixed April 14, 1930, as the date on which it should be held, which, as will be noted, is more than eight months subsequent to the date of the passage of the resolution calling the election.

Section 2 of said act provides in substance that whenever a petition conforming to the requirements of said act shall be filed with the legislative body of a city, "such

legislative body must, *without delay, call a special election and submit* to the electors of such municipal corporation the question whether such municipal corporations shall be consolidated" .(italics ours), and that notice of such election shall be given by publication in a newspaper printed and published in such municipality at least once a week for the period of four successive weeks next preceding the date of such election; and furthermore that the date fixed for the holding of such election "shall be within twenty days after the publication of such notice."

It is clear from the mere reading of the provisions of section 2 of said act that the legislative body of a city has no judicial power to defer the holding of an election petitioned for in conformity with the requirements of said act, but must without delay call the election and must also without delay submit to the electors the proposition to be voted upon; and it is also clear that the statute contemplates that four weeks and twenty days is a reasonable time within which to hold the election after the passage of the resolution calling the same. It follows, therefore, that the action of the City Council of the City of Albany in fixing the date of the election for a date more than eight months after the passage of the resolution calling the election was in violation of the letter and the spirit of the law. The excuses offered by respondents in justification of their action in* thus delaying the holding of the election, as the same are pleaded in the answer, are in their nature purely political, and while the same might be urged in opposition to the proposition to be voted upon it is certain they do not serve as legal grounds for the suspension of the mandatory provisions of the statute requiring the Council to submit the proposition to the electors of the city "without delay."

For the reasons stated it is ordered that the demurrer to the petition herein be overruled, and that a peremptory writ of mandate issue as prayed; that respondents forthwith rescind and set aside the former resolution of the City Council passed on August 12, 1929, calling said election and fixing the date thereof for April 14, 1930, and forthwith thereafter take the necessary and appropriate proceedings in conformity with the terms of said act to hold said special election, and that the same be held, on a date not later

than six weeks after the service of the writ herein upon a majority of the members of the City Council of said city.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 30, 1929, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 28, 1929.

All the Justices present concurred.