## ECHOLS *v.* TRICE.

### Opinion delivered June 25, 1917.

IMPROVEMENT DISTRICT—FORMATION—SIGNATURE TO PETITION—WITHDRAWAL—VALID REASON.—One who signs the original petition for the formation of an improvement district, under § 2, Act 338, Acts 1915, can withdraw his name at the time the petition is presented to the county court for hearing, upon presenting valid reasons therefor in writing, and the reason that the signer has changed his mind about the project is not a valid reason.

Appeal from Woodruff Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Roy D. Campbell,* for appellant.

The remonstrants complied with section 2 of the Act, and *valid* reasons are assigned for the removal of their names from the original petition. The case in 75 Ark. 154 is not a similar one. See 40 Ark. 290.

The appellees *pro sese.*

The reasons given are not *valid* ones, or "for good cause shown." See Webster Dict. and Bouvier Law Dictionary; 75 Ark. 154; 51 *Id.* 164; 40 *Id.* 290; 70 *Id.* 175. The reasons assigned are mere statements of opinion, not supported by any proof. All these reasons existed when remonstrants signed the original petition.

HUMPHREYS, J. Appellants were remonstrants against the organization of Road Improvement District No. 1, to construct a rock road from Cotton Plant, in Woodruff County, to the Prairie County line, under Act 338 of the General Assembly of the State of Arkansas

for the year 1915. They had signed the original petition for the creation of the district, but when the petition was presented to the county court for hearing, they sought to withdraw their names and property from the petition for the following reasons:

First. "That upon a thorough examination of the Act of the General Assembly of the State of Arkansas, No. 338, under which act the said improvement is proposed to be organized, they believe that to construct a road under said act is inexpedient and impracticable and that said act does not contain proper safeguards as to necessary expenses and cost of construction."

Second. "That also upon further consideration of the proposed matter, they do not believe that it is for the best interest of the people whose lands shall be assessed, to be burdened with additional taxes and assessments."

Third. "They further state that they believe that the benefits which will accrue from the proposed rock road improvement will not be in just proportion to the expense that will necessarily be incurred in its construction."

Fourth. "They further state that it is their opinion that under the act in question there is no limitation to the ultimate cost of the improvement and are therefore unwilling that their lands shall be included in the proposed district."

The county court denied the request of the remonstrants to withdraw from the petition and counted their lands in ascertaining the necessary number of acres to organize the district, and by order established the district. From that order an appeal was prosecuted to the circuit court and the cause there tried by the court sitting as a jury, upon the original files in the county court and upon an agreed statement of fact eliminating all questions in issue except one, which is as follows: "Are the reasons assigned by the parties asking to have their names and lands removed from the petition valid reasons under the law in question?" The circuit court ad-

judged the reasons assigned insufficient, and affirmed the judgment of the county court establishing the road improvement district. The remonstrants took the necessary steps and have lodged an appeal in this court questioning the correctness of the judgment of the circuit court.

The single question presented by this appeal is whether the reasons assigned for withdrawing appellants' names and lands from the original petition are valid reasons.

Under section 2 of Act 338 of the Session Acts of Arkansas, 1915, any person may withdraw his name from the original petition for the organization of the district upon presenting valid reasons therefor in writing, at the time the original petition is presented to the county court for hearing. The sum total of the reasons assigned for withdrawing their names is that in their opinion the construction of the road will be inexpedient, impractical, burdensome, disproportionate in benefits to the costs, and with no safeguard or limitation on the cost of construction. The reasons assigned might well be made grounds for an attack on the organization of the district by parties not signing it, but are not the character of reasons contemplated by the act for the withdrawal of names from the original petition. Parties signing the petition must consider the questions of expediency and practicability of the improvement; the extent of the burden; the probable benefits as compared with the estimated costs; and the sufficiency of the safeguards and limitations on the cost, before signing the petition. There is no good reason why these matters should not be thoroughly considered by the property owners before signing the petition for the establishment of the district. They could have ascertained the extent of the safeguards and limitations thrown about the construction of the improvements, and could have examined the plat of the district and the estimate of the highway engineer approximating the cost of the improvement before placing their names on the petition. *Lamberson* v. *Collins,* 123 Ark. 205.

The construction contended for would enable signers of petitions for the establishment of improvement districts to withdraw their names from the petitions by filing a statement to the effect that they had changed their minds as to the meaning of the act itself; as to the expediency of making the improvements; as to the comparative benefits as related to the costs, and as to the extent of the burden. In other words, the construction contended for would at once place a number of the signers of the petition in the double aspect of petitioners and remonstrants on the questions necessarily involved in, and prerequisite to, the establishment of the district.

We think it quite clear that a property owner who signs his name to the petition can not withdraw therefrom without written application and proof showing valid reasons therefor, which means a sound, sufficient reason—a reason upon which he could support or justify his change in attitude. Certainly an excuse that existed at the time of signing his name to the petition would not be a sound reason for withdrawing his signature. Such a construction would enable a man to play fast and loose; to withdraw his signature and land on a mere change of mind or heart. The word *valid* must necessarily possess an element of legal strength and force. Inconsistent positions have no legal strength and force. We think the only proper construction to give the words *valid reason,* in the first clause of section 2 of the act, is to attach that meaning capable of being defended or supported. The only character of reason capable of standing the test in law is some good reason which will justify the change in the attitude of the petitioner, such as fraud, deceit, misrepresentation, duress, etc. The statute is silent as to what reasons were intended. Learned counsel for appellants has cited no authority to aid us except Webster's definition of the word *valid.*

Giving full meaning to Webster's definition of the word *valid* in the connection used, we think our con-

struction of the first clause of section 2 of the act clearly reflects the intent of the Legislature.

No error appearing, the judgment is affirmed.