[Civ. No. 6777.  First Appellate District, Division One.—February 1, 1929.]

PAUL GARVER, Petitioner, v. COUNCIL OF THE CITY OF OAKLAND et al., Respondents.

Breed, Burpee & Robinson for Petitioner.

Preston Higgins, City Attorney, and John W. Collier, Deputy City Attorney, for Respondents.

THE COURT.—A petition was filed on September 6, 1928, with the council of the city of Oakland, to submit to the electors a proposal to establish a council-manager form of government for the municipality and to amend certain sections of its charter. This proceeding is one in *mandamus* to compel the council and its members, who are made respondents, to transmit the petition to the county clerk of Alameda County for verification of the signatures thereon and to provide the expense of making the verification.

It is provided by section 8 of article XI of the constitution that "The charter of any city or city and county may be amended by proposals therefor submitted by the legislative body of the city on its own motion or on petition signed by fifteen per cent of the registered electors, or both. Such proposals shall be submitted to the electors only during the six months next preceding a regular session of the legislature or thereafter and before the final adjournment of that session, and at either a special election called for that purpose or at any general or special election. Petitions for the submission of any amendment shall be filed with the legislative body of the city or city and county not less than sixty days prior to the general election next preceding a regular session of the legislature. The signatures on such petition shall be verified by the authority having charge of the registration records of such city or city and county, and the expenses of such verification shall be provided by the legislative body thereof. If such petitions have a sufficient number of signatures the legislative body of the city or city and county shall so submit the amendment or amendments so proposed to the electors. Amendments proposed by the legislative body and amendments proposed by petition of the electors may be submitted at the same election. The amendments so proposed shall be advertised in the same manner as herein provided for the advertisement of a proposed charter, and the election thereon held at a date to be fixed by the legislative body of such city, not less than forty and not more than sixty days after the completion of the advertising in the official paper. If a majority of the qualified voters voting on such amendment vote in favor thereof it shall be deemed ratified, and shall be submitted to the legislature at the regular session next following such election; and ap-

proved or rejected without power of alteration in the same manner as herein provided for the approval or rejection of a charter. In submitting any such charter or amendment separate propositions, whether alternate or conflicting, or one included within the other, may be submitted at the same time to be voted on by the electors separately, and, as between those so related, if more than one receive a majority of the votes the proposition receiving the larger number of votes shall control as to all matters in conflict.''

It is admitted that the petition is sufficient in form under the above section, and that it purports to have attached the signatures of more than fifteen per cent of the registered electors of the city.

The charter by article XXI also prescribes a method of procedure whereby initiative measures proposed by the electors of the city may be voted on at an election; and this article also provides that its provision, unless prohibited by the state constitution, shall apply to the proposal, submission, and adoption of charter amendments. Respondents contend that this rather than the procedure prescribed by the constitution should have been followed in the present instance and that the petition was consequently insufficient.

While the charter has the force and effect of law (*Taylor v. Cole,* 201 Cal. 327 [257 Pac. 40]), and legislation may be enacted to facilitate the operation of self-executing provisions of the constitution and to safeguard the exercise of rights thereby secured (*Chester v. Hall,* 55 Cal. App. 611 [204 Pac. 237]), here the constitution lays down a complete scheme of charter amendment with which the charter provisions are in many respects inconsistent and which, if applied to such proceedings, would hamper rather than facilitate or safeguard the exercise of the rights granted to the electors by the constitution.

The court, in *Blanchard v. Hartwell,* 131 Cal. 263 [63 Pac. 349], referring to the above section, said: ''Since a procedure for the amendment of such a charter is expressly provided the presumption would be (independently of the declaration that all provisions of the Constitution are mandatory and prohibitory unless the contrary is expressly stated) that such mode is exclusive. Under such a Constitution this seems indisputable. The one mode of amendment is commanded and all others are prohibited.''

In *State* v. *Kansas City*, 233 Mo. 162 [134 S. W. 1007], the same question was involved, and it was held that the constitution of Missouri, by expressly providing the manner of amending the charters of municipalities, was self-executing and a different method provided by the charter of respondent city was consequently invalid.

We are satisfied that the provisions of the charter, in so far as they prescribe a method of amending the same, are in conflict with the provisions of the constitution; that the latter are exclusive and controlling, and that respondents' contention to the contrary cannot be sustained.

In *Garver* v. *Williams, supra,* p. 118 [273 Pac. 304], was presented the question whether the signatures to the petition involved in the present proceeding should be verified by the city clerk of the city or the county clerk of Alameda County. It was there held that the provisions of the above section of the constitution that "the signatures on such petition shall be verified by the authority having charge of the registration of such city . . . " referred to the county clerk of Alameda County, he being the only officer having charge of the registration records of the city of Oakland. This being true, the above, with the further provision that "the expenses of such verification shall be provided by the legislative body thereof," make it the plain duty of the respondents to transmit the petition to the county clerk of Alameda County for verification and to provide the expense of making the verification.

It is therefore ordered that a peremptory writ of mandate issue as prayed for.

A petition for a rehearing of this cause was denied by the district court of appeal on March 2, 1929, and a petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 1, 1929.

All the Justices present concurred.