[S. F. No. 14793.   In Bank.—December 19, 1932.]

ADOLPH UHL, Petitioner, v. C. J. COLLINS, as Registrar, etc., Respondent.

Milton T. U'Ren for Petitioner.

John J. O'Toole, City Attorney, Henry Heidelberg, Deputy City Attorney, and John J. Dailey for Respondent.

Herbert C. Jones and Lloyd A. Mason, *Amici Curiae.*

LANGDON, J.—This is a petition for a writ of mandate to compel respondent Registrar of Voters to verify signatures on certain initiative petitions.

On September 6, 1932, and September 8, 1932, certain initiative petitions were filed with the board of supervisors of the city and county of San Francisco, proposing amendments to its charter. Upon the filing thereof the board delivered them to respondent, who commenced the work of verifying the signatures. Prior to completion of this task a large number of the signers communicated with him requesting the withdrawal of their signatures. Respondent accordingly disregarded such names in computing the number of valid signatures. Many of the signers had also failed to affix the date of signing after their signatures, and these names were also disregarded. It is conceded that if either of these two groups of discarded signatures is left out of the computation, the petitions fail.

The first question is whether signers had a right to withdraw their names after the filing of the petitions with the board. The California Constitution, article XI, section 8, provides that a charter may be amended "by proposals therefor submitted by the legislative body of the city on its own motion or on petition signed by fifteen per cent of the registered electors, or both". Article IV, section 1, dealing with the initiative and referendum, concludes with the following provision: "This section is self-executing, but legis-

lation may be enacted to facilitate its operation, but in no way limiting or restricting either the provisions of this section or the powers herein reserved.''    ▮▮▮    The procedure for amending charters specified in article XI, section 8, is exclusive and controlling, and any charter provision in conflict therewith is invalid. (*Garver* v. *Council of the City of Oakland*, 96 Cal. App. 560 [274 Pac. 375].)

No provision appears either in our Constitution or general laws for withdrawal of names from an initiative petition. Nevertheless, the great majority of the cases recognize the right of withdrawal as incidental to the right of petition itself. A conflict exists, however, as to the period within which this right may be exercised. Many of the decisions hold that withdrawal is permissible up to the time that ''final action'' is taken, or until ''the jurisdiction of the officer to whom the petition is addressed attaches''. (See *State* v. *Seattle*, 59 Wash. 68 [109 Pac. 309] ; *Littell* v. *Board of Supervisors*, 198 Ill. 205 [65 N. E. 78] ; *Territory* v. *Mayor and City Council of Roswell*, 16 N. M. 340 [117 Pac. 846, 35 L. R. A. (N. S.) 1113].) We deem it unnecessary to embark upon a discussion of these authorities, for in this state a different rule has been laid down, restricting the right of withdrawal to the period before the filing of the petition with the officer or body authorized to receive it. In *Beecham* v. *Burns*, 34 Cal. App. 754, the court said (p. 758 [168 Pac. 1058, 1061]) : ''The remaining question in this case is based upon the claim that certain signers of the recall petition requested the clerk to withdraw their names therefrom after the petition was filed with the clerk and before that officer had certified the result of his examination as required by the statute. . . . The clerk is not clothed with authority to alter the petition when it has been filed; he is not authorized to receive extraneous evidence of its contents, or to base his certificate upon statements made to him by electors who have signed it. His certificate must show the result of an examination whereby 'from the records of registration' he shall ascertain whether or not 'said petition' is signed by the requisite number of qualified voters. In our opinion, the signers of such petitions may not withdraw their names or have their names withdrawn by the clerk at any time after the petition has been filed.'' There is nothing contrary to this view in our decision in *Doyle* v. *Jordan*, 200

4

Cal. 170 [252 Pac. 577], wherein we commented upon *Mc-Aulay* v. *Board of Supervisors,* 178 Cal. 628 [174 Pac. 30], and *Covell* v. *Lee,* 71 Cal. App. 361 [235 Pac. 79], as follows (p. 183) : ''In neither of these cases, however, were the withdrawals attempted to be made after the petition had been filed with the person or board whose duty it was to act thereon.''

On principle, it seems clear that the elector whose name is placed upon a petition through fraud, inadvertence or upon insufficient reflection should not be irrevocably bound by the mere signing, but should be permitted to correct his error and assume his true position with regard to the proposed measure if this can be done without injury to the initiative system. But if the alleged right of withdrawal, based upon change of mind, is to be exercised to the destruction of the initiative procedure, then we may well question its justification. In order to accomplish anything, the proponents of a measure must be able to rely upon signatures obtained, and if continually forced to seek new ones to take the place of withdrawals, may never be able to prepare a proper petition within the limited period which usually exists. To permit withdrawals after the petition is completed and filed, and the work of securing signatures abandoned, seems to us to make the system wholly unworkable. We do not believe that this mere implied power of the signer, which is not expressly provided for in our Constitution or statutes, can be used so as to jeopardize the exercise of the constitutional right itself. The cases which limit the right of withdrawal to the period before filing seem to us to reach the proper conclusion, which gives a reasonable time for reconsideration to the signer, and also protects the petition when completed and turned over to the proper authorities.

The contention that those signatures which lacked dates are invalid must, however, be sustained. Here the matter is covered by an express statutory provision. Section 1083a of the Political Code provides: ''Wherever, by the constitution or laws of this state any initiative, referendum, recall or nominating petition or paper, or any other petition or paper, is required to be signed by qualified electors, only an elector who is a registered qualified elector at the time he signs such petition or paper shall be entitled to sign the same. . . . Such signer shall at the time of so signing

such petition or paper affix thereto the precinct, also the date of such signing.'' ██ Petitioner contends that this section is unconstitutional, since no such provision appears in article XI, section 8. We see no conflict in this requirement, which is, under our registration laws, material to the determination of whether the signer is a registered elector at the time he signs the petition. Such a statute does not violate the constitutional provision, but rather tends to ''facilitate its operation'', and hence is a proper subject for legislation under article IV, section 1, of the Constitution. (*Chambers* v. *Glenn-Colusa Irr. Dist.*, 57 Cal. App. 155 [206 Pac. 773]; *Chester* v. *Hall*, 55 Cal. App. 611 [204 Pac. 237]; *Boggs* v. *Jordan*, 204 Cal. 207 [267 Pac. 696].)

The invalidity of this group of signatures being established, the initiative petitions lacked the requisite number of signatures, and it follows that the respondent properly refused to verify the same.

The alternative writ of mandate heretofore issued is discharged.

Shenk, J., Seawell, J., Tyler, J., *pro tem.*, Curtis, J., Preston, J., and Waste, C. J., concurred.