STATE ex Rel. O'CONNELL, Relator, *v.* MITCHELL, Secretary of State, Respondent.

(No. 8,161.)

(Submitted and Decided on October 4, 1940.)

[106 Pac. (2d) 180.]

*Mr. Philip O'Donnell,* for Relator, submitted a brief, and submitted oral argument in support of the application.

## Opinion: PER CURIAM.

Relator filed application for a writ of mandate directed against the respondent Sam W. Mitchell, Secretary of State, setting forth the following material facts: That on or about July 3, 1940, a petition in due form was filed in the office of respondent for the initiative of a certain measure. It is alleged in substance that this petition contained the requisite number of signatures of qualified voters entitling the measure to be voted upon at the next general election, and that the respondent refuses to

notify the Governor of the filing of the petition and to take other steps necessary to have the measure submitted to the qualified electors at the general election to be held on November 5, 1940.

Upon hearing arguments by counsel for relator for the issuance of an alternative writ, it was conceded that after the petition was filed in the office of the Secretary of State withdrawal petitions had been filed in his office containing sufficient signers of the original petition to reduce the number below that required by the Constitution entitling the measure to go before the electorate in the general election of November 5.

Relator made the contention that the Secretary of State was in error in considering the withdrawal petitions upon the theory that they came too late in that they cannot, under his contention, be considered after the petition has been forwarded to the Secretary of State by the individual county clerks. This leaves but one legal question for determination, and that is: When may signers to an initiative petition exercise the right of withdrawal?

The cases are not in harmony on this question. There are cases supporting relator's contention. They are listed in *Uhl v. Collins*, 85 A. L. R. 1370, 217 Cal. 1, 17 Pac. (2d) 99. However, this court has adopted the view that the right of withdrawal exists until final action is taken on the petition by the person or body created by law to determine the matter submitted by petition. This was squarely held in the case of *Ford v. Mitchell*, 103 Mont. 99, 61 Pac. (2d) 815. That case followed the rule previously declared in *State ex rel. Freeze v. Taylor*, 90 Mont. 439, 4 Pac. (2d) 479, which in turn was based upon the case of *State ex rel. Lang v. Furnish*, 48 Mont. 28, 29, 134 Pac. 297, 300. In the last cited case the court said: "In the absence of legislative expression to the contrary, signers of a petition have an absolute right to withdraw therefrom at any time before final action thereon." In the face of this invitation to speak on the subject the legislature has not since made any expression to the contrary. Since it has seen fit to make no change, we must assume that the rule has the sanction of the legislature.

We are not able to agree with the case of *Uhl* v. *Collins,* supra, so far as it holds that this conclusion renders the initiative procedure unworkable. Many highly controversial initiative measures have been placed upon the ballot since this rule has controlled in this state.

The alternative writ is accordingly denied, and the petition dismissed.

Rehearing denied October 11, 1940.