[S. F. No. 17274. In Bank. Feb. 6, 1946.]

ERIC G. WARNER et al., Petitioners, v. ROBERT W. KENNY, as Attorney General, etc., Respondent.

J. Wesley Cupp and Robert E. Sease for Petitioners.

Robert W. Kenny, Attorney General, Charles W. Johnson, Supervising Deputy Attorney General, and Robert O. Curran, Deputy Attorney General, for Respondent.

CARTER, J.—Petitioners seek a writ of mandate to compel the respondent attorney general to forthwith issue a title and summary for a proposed initiative measure.

On October 15, 1945, petitioners submitted to the attorney general a draft of their proposed measure together with the required fee of $200, and requested the preparation of a title and summary (Elec. Code, § 1401). No action was taken by the attorney general until January 2, 1946, when petitioners were notified by letter of his refusal to issue a title and summary on the ground that the measure was substantially the same as a measure which had been duly entitled and summarized in May, 1945, but on which no petitions had been

filed within the prescribed 90-day period thereafter (Elec. Code, § 1407). Petitioners thereupon instituted the present proceeding.

The question presented is that of proper interpretation of section 1407, *supra*, of which the pertinent portion provides that "No petitions for a proposed initiative measure shall be circulated for signatures prior to the official summary date. First petitions with signatures on a proposed initiative measure shall be filed with the clerk or registrar of voters not later than 90 days from the 'Official summary date' of such proposed initiative measure, and no clerk or registrar of voters shall accept first petitions on such proposed initiative measure thereafter."

The position taken by the attorney general is that if he were to issue a title and summary for a measure which is substantially the same as a previously entitled and summarized measure which has lapsed by reason of the failure of its proponents to qualify it for a place on the ballot, the effect would be to nullify the above quoted provision of section 1407 prohibiting the acceptance for filing of any first petition on a measure later than 90 days from the official summary date.

Unquestionably the Legislature has authority to supplement the constitutional provisions for the initiative (Const., art. IV, § 1) with statutes designed to further its purpose and safeguard the process from abuse (see Elec. Code, div. IV), and any reasonable legislative regulation which is in furtherance of and not a limitation upon the power reserved in the Constitution to the people is valid and enforceable. (*Chesney* v. *Byram*, 15 Cal.2d 460 [101 P.2d 1106]; *Uhl* v. *Collins*, 217 Cal. 1 [17 P.2d 99, 85 A.L.R. 1370]; *Gray* v. *Kenny*, 67 Cal.App.2d 281 [153 P.2d 961]; *Gage* v. *Jordan*, 23 Cal.2d 794 [147 P.2d 387].) However, any doubt as to the construction of a pertinent provision is to be resolved in favor of the initiative and such legislation is to be given the same liberal construction as that afforded election statutes generally. The interpretation adopted must be reasonable, and where the language is fairly susceptible of two constructions, one which, in application, will render it reasonable, fair, and harmonious with its manifest purpose, and another which would be productive of absurd consequences, the former construction will be adopted. (*Gage* v. *Jordan*, 23 Cal.2d *supra*, at pp. 799-800.)

■ Testing the questioned provision of section 1407 in the light of these rules of construction, it at once appears that the plain wording neither expressly nor impliedly manifests any legislative intent to bar from the ballot a proposed measure merely because it is substantially similar to or identical with a previously submitted and lapsed measure. The statute reads as a purely procedural provision designed to aid an orderly administration of necessary ministerial duties leading up to the preparation of the ballot. The prohibition against accepting first petitions after 90 days obviously refers to petitions on the *proposed measure itself,* not petitions on the same *subject matter* when covered by some later measure.

Under the meaning attributed to the language by respondent, the provision would limit and restrict the initiative power reserved to the people by the Constitution, and it would therefore be invalid. It would lead to absurd consequences. An opponent, learning of a measure in course of preparation and desiring to defeat it, would need only to prepare and first submit a similar measure, and then permit it to lapse. The true proponents would be barred. Or a proponent of a submitted measure, discovering some defect of language and desiring to draft and submit a similar and properly worded bill, would find himself barred. The statute was never intended to have this drastic effect and no such meaning may be read into its provisions.

The constitutional plan and the enabling legislation clearly connote that qualified measures shall go on the ballot at the next succeeding general election, and if a measure does not qualify, that the entire procedure may be instituted anew. A subsequent similar or identical bill may be proposed either by the proponents of the prior lapsed measure or by different proponents. Any possible imposition upon the public officials which might result from too numerous demands for titles and summaries for successive similar measures is met by the provision requiring payment of an adequate fee for this service (Elec. Code, § 1401).

■ The attorney general in his return challenges the good faith of petitioners in demanding a title and summary for the proposed measure and contends that he has the right to exercise a discretion in determining the validity of the proposed enactment before preparing a title and summary therefor.

We think it is clear that the duties of the attorney general in this respect are purely ministerial. No showing has been made to justify his refusal to prepare a title and summary for the proposed measure, and since it is in proper form and was submitted to him in accordance with the constitutional and statutory requirements as to procedure, petitioners are entitled to have furnished to them a title and summary therefor.

Let a peremptory writ issue forthwith.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.