IN RE ORGANIZATION OF TOWN OF SPREAD EAGLE: NELSON and others, Appellants, v. TOWN OF FLORENCE and others, Respondents.

*June 4—June 29, 1962.*

For the appellants there was a brief by *Emmet McCarthy* of Marinette, and *Irving W. Smith, Sr.,* of Niagara, and oral argument by *Mr. McCarthy.*

For the respondents there was a brief by *Allen C. Wittkopf* and *Walter DallaGrana,* both of Florence, and oral argument by *Mr. DallaGrana.*

DIETERICH, J.    The parties stipulated on the first day of trial, March 7, 1961, to certain facts which constituted a fulfilment of the statutory requirements to organize a new town, except for the following three issues:

(1) Whether the proposed new town contained 150 resident freeholders;

(2) Whether the petition contained the signatures of a majority of the electors of the proposed new town; and

(3) Whether the petition contained the signatures of a majority of the resident freeholders of the proposed new town.

The petitioners offered the following exhibits in evidence:

(1) The original verified petition, containing a list of 180 electors and 105 signatures.

(2) The proof of service.

(3) The proof of publication.

(4) Thirteen additional signers.

(5) Certified copy of register of deeds setting forth the names of 161 freeholders and the instrument under which each of the petitioning freeholders obtains title to his property.

(6) The stipulation of March 7, 1961, between the petitioners and objectors as to the issues involved.

The objectors objected to the introduction of Exhibit 4 which contained 13 new additional signatures to those that were contained in the original petition of February 1, 1961, and claimed that it was not admissible because it was an addition and therefore could not comply with sec. 60.06 (2), Stats., as to notice and that therefore it constitutes a new petition and was not admissible.

The trial court admitted Exhibits 1, 2, 3, 5, and 6 in evidence. Exhibit 4 was admitted subject to the objection.

Objectors offered in evidence Exhibits A and B in the form of a counterpetition, containing a total of 17 signatures requesting withdrawal of their names from the original petition. Both exhibits were received in evidence.

The referee subtracted the 17 signatures on objectors' exhibits from both the list of resident freeholders and from the list of electors contained in the original petition. This resulted in a deficit of signatures on these lists to constitute a majority of the resident freeholders and electors of the proposed town. On that basis the referee on March 17, 1961, recommended to the circuit court that the original petition be dismissed.

The trial court on March 22, 1961, made an interlocutory decision and order holding that the referee was in error and that the objectors should have been required to complete their case and that the petitioners should have been afforded an opportunity to offer rebuttal testimony or proof. The trial court in that decision defined an "elector" as "a person who has lived in the state of Wisconsin for a period of one year and the town of Florence for ten days prior to any election in which he voted or had a right to vote." The court also defined a "resident freeholder" as "a person who has an estate

of inheritance in real estate where he has resided during certain periods of the year prior to the filing of the original petition."

By order of the circuit court, the hearing was reconvened on March 30, 1961, for the purpose of taking further testimony of the petitioners and objectors.

The referee, after hearing testimony on March 30, 31, and April 3, 1961, made findings which were incorporated in his report dated June 12, 1961. In his report, the referee stated:

"I would prefer to believe that 'residence' is the place which a person makes his principal seat of affairs and interests. Residence should be more than a temporary sojourn coupled with land ownership."

Petitioners' Exhibit 5 offered with the original petition to establish a *prima facie* case, listed 161 persons as freeholders in the proposed town of Spread Eagle.

The referee found that by applying the trial court's formula of resident freeholder to the facts that there would be considerably more than 161 resident freeholders in the proposed town of Spread Eagle, as many as 211. He also found that as in the first hearing, the petitioners had but 77 signers on the petition who qualified as resident freeholders, thus the petition must fail for lack of a majority of resident freeholders as petitioners.

The referee also found that if he applied his definition of resident freeholder to the 161 persons listed as freeholders in Exhibit 5, the petition would fail for lack of the requisite number of resident freeholders (150 or more).

The original petition contained a list of 180 electors. The referee found that the testimony established that 10 more names should be added to the list of electors, or a new total of 190 electors. He found that there were only 88 valid electors' signatures on the original petition, which is less than a majority of 190.

The record reveals several withdrawal petitions and reinstatement petitions, upon which the referee made rulings. The referee in his rulings permitted no additions to the original petition, but did permit some withdrawals and some reinstatements and recommended that the petition be denied on the ground that it did not contain the signatures of a majority of the electors or a majority of the resident freeholders of the proposed town of Spread Eagle.

The trial court in its written decision accompanying its order confirming the referee's report incorporated a decision of December 10, 1960, rendered on a previous petition to form the town of Spread Eagle, which decision contained a definition of resident freeholders requiring only a temporary sojourn coupled with a freehold interest in land.

Under the facts of the instant proceeding, the issues on this appeal are:

(1) Who qualifies as a resident freeholder under sec. 60.06, Stats.?

(2) When is a signer of a petition under sec. 60.06 (2), Stats., precluded from withdrawing his name from the petition, and when are additional signers precluded from adding their names to the petition?

Sec. 60.06, Stats., provides:

"ORGANIZATION OF TOWNS IN SPECIAL CASES. (1) *Requisite conditions.* Any government township, or any contiguous territory, being part of any town or towns, equal in area to more than one government township and to not more than two government townships, lying within the same county, having at least 150 resident freeholders or homesteaders, at least 80 of whom are electors who have resided within such territory for at least one year prior to the verification of the petition referred to in this section, and an assessed valuation of at least \$200,000, according to the last preceding assessment, may be organized into a town, where the remaining area of any town of which such proposed town forms a part is not less than 36 square miles, and has not less than 75 resi-

dent electors and an assessed value of not less than $200,000, according to the last preceding assessment.

"(2) *Petition; publication.* A petition signed by a majority of the electors and a majority of the resident freeholders and homesteaders of proposed town showing the existence of facts entitling such territory to be organized as a town and containing an accurate description of such territory, the name of the town or towns of which it forms a part, the names of the electors, and the proposed name of the new town verified by at least three signers, shall be presented to the circuit court, or the presiding judge thereof, of the county in which such territory is located, who shall thereupon by order fix the time and place for the hearing of the petition by said court, and direct that a copy of the petition and order be served upon the clerk of the town or towns of which such territory forms a part, at least twenty days before the hearing, and that notice of such hearing be published once a week for three successive weeks in a newspaper designated as most likely to give notice to the people of such territory. No formal answer to the petition need be filed."

### Resident Freeholder.

The phrase "resident freeholder" was defined by this court in the case of *Damp v. Dane* (1872), 29 Wis. 419, which holding was later approved in *State ex rel. Town of Iola v. Nelson* (1883), 57 Wis. 147, 15 N. W. 14. The *Damp Case* held that a "resident freeholder" must be (a) a resident of the town, and (b) own a freehold interest in lands situated therein. To be considered a resident of a town means that such town is a person's primary and principal place of abode. It is not necessary that a person spend the majority of his time at the location of his freehold interest; it is sufficient if he is physically present at some time and has the intention to make that place his permanent residence. Therefore, to be a resident freeholder of the proposed town of Spread Eagle requires that a person be a freeholder and a domiciliary of the territory which is to comprise the new town.

## *Modification of the Petition.*

The second question to be determined on this appeal is when may signatures be added or withdrawn from the original petition. The referee's position was that sec. 60.06, Stats., established a definite procedure for the formation of a new town, and no signatures may be added after notice is given that there will be a hearing on the original petition to create a new town. On the matter of subtracting signatures he was of the opinion that since no procedure was established by sec. 60.06, Stats., for objectors, signatures could be subtracted at any time until the hearing was closed, and that a petition without verification was sufficient for this purpose even though the original petition was required by statute to be verified by three persons.

Sec. 60.06 (2), Stats., requires that the petition be signed by a majority of the electors and a majority of resident freeholders and homesteaders of the proposed town; it must be verified by three of the signers, then it is presented to the circuit court, or the presiding judge of the county in which the territory is located. The statute requires the trial judge by order to fix the time and place of the hearing of the petition, and direct that a copy of the petition and order be served upon the clerk of the town or towns involved and publication of notice. The statute is silent with respect to the right to add or withdraw signatures from the original petition. Under these circumstances we determine that the correct rule to adopt regarding additions or withdrawals is that a signature once affixed to the original petition cannot be withdrawn after such petition has been filed with the court, unless fraud or duress can be shown; and likewise, no signatures may be added after the original petition is filed with the court.[1]

---

[1] *Uhl v. Collins* (1932), 217 Cal. 1, 17 Pac. (2d) 99; *Sweetwater Fruit Co. v. City Council* (1954), 126 Cal. App. (2d) 655, 272 Pac.

We hold further that any counterpetition seeking to withdraw the signature of a signer made before the filing date of the original petition, or a counterpetition which seeks to prove any other evidentiary fact relevant to the sufficiency of the original petition must meet the same formal verities required of the original petition. See *Halgren v. Welling* (1936), 91 Utah 16, 63 Pac. (2d) 550.

The legislature intended that the incorporation of a new town under the provisions of sec. 60.06, Stats., be a "one-shot" deal. The only issue to be determined by the circuit court is whether the petition meets the statutory requirements. The circuit court has no discretion except with respect to the determination of issues of fact which may arise at the hearing. If the petition is sufficient to meet the requirements of sec. 60.06, the trial court must enter an order providing for the organization of a new town.

Because the record is not clear as to who are electors and who are resident freeholders, it is not possible to determine the total numbers of each and the other facts necessary to make a determination of the sufficiency of the petition. Therefore the proceedings will be remanded to the circuit court for Florence county for the purpose of determining the sufficiency of the petition.

*By the Court.*—Order reversed, and cause remanded for further proceedings not inconsistent with this opinion.

WILKIE, J., took no part.

(2d) 828; *Strauss v. Board of Supervisors* (1960), 181 Cal. App. (2d) 133, 5 Cal. Rptr. 294; *Cockerill v. Redding* (1961), 198 A.C.A. 108, 17 Cal. Rptr. 754, Annos. 126 A. L. R. 1031, 1036, and 27 A. L. R. (2d) 604, 608, sec. 2.