Honorable Mary Estill Buchanan Colorado Secretary of State 104 State Capitol Building Denver, Colorado 80203
Dear Ms. Buchanan:
QUESTIONS PRESENTED AND CONCLUSIONS
You have asked the following questions:
1. Whether initiated petitions can be withdrawn by circulators after submission to your office;
 In answer to your first question, the only way that circulators can withdraw a petition is under the provisions of C.R.S. 1973, 1-40-109(2). That provision allows withdrawal and resubmission after the secretary of state has found the petition to be invalid as filed.
2. At what times may signers withdraw their signatures from initiated petitions?
 Your second question, concerning withdrawal by signers, would also be a case of first impression in Colorado.
ANALYSIS
A majority of the persons representing the signers (and these people are usually circulators) may withdraw and resubmit the petition. This is the only instance in which the general assembly has provided for withdrawal. There is no case law in Colorado or elsewhere which allows circulators to withdraw. Thus, except for the aforementioned provisions of C.R.S. 1973,1-40-109(2), circulators cannot withdraw a petition.
There are no reported decisions in this state which have addressed this question. Additionally, no provision appears either in our constitution or general laws for withdrawal of names from initiative petitions. However, there is a nearly universal recognition in the cases reported from other states of the right of withdrawal as incidental to the right of petition itself, 82 C.J.S. Statutes § 123(h), 25 Am.Jur.2dInitiative and Referendum § 31. There is a conflict as to the period within which this right may be exercised. The California courts have consistently held that the withdrawal must occur before the petition is filed with the proper officer,Uhl v. Collins, 17 P.2d 99 (Cal. 1932). Other courts have held, and the majority rule seems to be, that the right to withdraw one's name from the initiative petition exists until the proper administrative officer has determined in the manner provided by statute, that the petition is sufficient. Fordv. Mitchell, 61 P.2d 815 (Mont. 1936), Halgren v.Welling, 63 P.2d 550 (Utah 1936).
Therefore, applying the majority rule, a signer could withdraw his signature until that time as you have certified the petition as valid.
SUMMARY
A majority of persons representing the petition signers may withdraw an initiative petition. Case law indicates that an individual signer may withdraw his signature prior to the petition being certified by the filing officer.
Very truly yours,
 J.D. MacFARLANE Attorney General
ELECTIONS
C.R.S. 1973, 1-40-109(2)
SECRETARY OF STATE DEPT. Elections, Div. of
A majority of persons representing the petition signers may withdraw an initiative petition. Case law indicates that an individual signer may withdraw his signature prior to the petition being certified by the filing officer.