James E. REKART, Dean DeHart, and Richard Beatty, Plaintiffs-Appellants,

v.

The Honorable James C. KIRKPATRICK, Secretary of State, Defendant-Respondent,

and

Citizens For Fair Consumer Rights, Inc., a corporation, Donald Burke, Ronald G. Mowery, Patricia Austin, and Theodore Chambers, Intervenors-Defendants-Respondents.

No. 64372.

Supreme Court of Missouri, En Banc.

Oct. 7, 1982.

Rehearing Denied Oct. 29, 1982.

---

Lewis C. Green, St. Louis, for plaintiffs-appellants.

John Ashcroft, Atty. Gen., Edward D. Robertson, Jr., Deputy Atty. Gen., Jefferson City, for defendant-respondent.

Francis X. Duda, Ann E. Buckley, St. Louis, for intervenors-defendants-respondents.

HIGGINS, Judge.

Plaintiffs filed suit against the Secretary of State to challenge the constitutionality and application of section 116.110, RSMo Supp.1981, which authorizes withdrawal of signatures from an initiative petition after the deadline set by the Missouri Constitution for filing initiative petition signatures. Citizens for Fair Consumer Rights, Inc., had circulated withdrawal petitions and was allowed to intervene. The circuit court granted summary judgment in denial of plaintiffs' petition, and enjoined the Secretary of State from certifying their initiative petition as sufficient. Their appeal alleges that section 116.110 is unconstitutional because it unfairly impedes exercise of the right of initiative guaranteed by article III, sections 49 and 50 of the Missouri Constitution. In the alternative, appellants allege the withdrawal papers did not constitute an affidavit; the circuit court erred in not granting plaintiffs' motion for summary judgment. They also assert that article III, section 50 of the Missouri Constitution denies voters equal protection and obstructs access to the ballot. This appeal was expedited for hearing September 20, 1982, after which the Court issued its order, with opinion to follow, which reversed the trial court's judgment and directed the Secretary of State to place the initiative proposition on the November 1982 election ballot.

■ Dispositive of this case is whether section 116.110 is constitutional. For the reasons to follow, the statute is held unconstitutional and the order of reversal is confirmed.

On July 2, 1982, an unincorporated association known as Missourians for the Citizens' Utility Board timely filed an initiative petition with the Secretary of State requesting a proposition be placed on the November ballot. The petition had been signed by registered and unregistered voters from seven of ten congressional districts. The Secretary of State sent copies of the petition to each county concerned in order to validate signatures of registered voters. The petitions were returned to the Secretary of State indicating which signatories were registered in that county. These were totaled in order to determine whether the proper number of registered voters had signed the petition, thereby allowing placement of the proposition on the November ballot.

Each county, except St. Louis County, reported the findings to the Secretary of State in due course. St. Louis County had some difficulty in checking its voter registration list; the County was faced with over 30,000 signatures to verify in a short period of time. Accordingly, County officials used a computer which purportedly kept an up-to-date record of all registered voters. On August 10 the County reported its findings to the Secretary of State. The report noted that four pages of signatures were missing. These were sent to the County and the same manner of verification was used. The total number of registered voters was increased accordingly.

During this period, and after the initiative petition had been filed, intervenor-defendant, Citizens for Fair Consumer Rights, Inc., was trying to persuade persons who had signed the initiative petition to withdraw their signatures and prevent appearance of the proposition on the November ballot. To this end, intervenor-defendant circulated a form allegedly in compliance with § 116.110 which provides for withdrawal of signatures from initiative petitions after filing with the Secretary of State.[1]

1. Section 116.110 RSMo Supp.1981 states in full:

*Signature may be withdrawn, when, how, effect.*—Any voter who has signed an initia-

tive or referendum petition may withdraw his signature from that petition by submitting to the secretary of state, before the petition is certified as sufficient or insufficient, an affi-

On August 13, intervenor-defendant submitted 1857 withdrawals to the Secretary of State. On August 19, the Secretary of State issued a verification report stating the number of validated signatures from the seven congressional districts had been sufficient; however, 1557 signature withdrawals were allowed in the second district. As a result, the number of signatures in that district was 299 less than the required number and the Secretary of State, acting in compliance with § 116.110, denied certification of the initiative petition.

The term "initiative" is defined as a power reserved by the people to propose laws and amendments to the constitution independent of legislative action. *See* 42 Am. Jur.2d *Initiative and Referendum* § 1 (1969). The initiative power in Missouri is established in article III, sections 49 and 50 of the Missouri Constitution. Section 49 provides that the people of Missouri reserve the "power to propose and enact ... laws ... by the initiative, independent of the general assembly." Mo.Const. art. III, § 49. Section 50 sets out the requirements of the initiative. Its pertinent provisions require that 5% of the legal voters in each of two-thirds of the congressional districts of the state sign the petition. The petition must be filed at least four months before the election. The constitution does not provide for removal of a signature from the initiative petition. *See id.* § 50. This Court has interpreted the initiative power as "broad and not laden with procedural detail.... The initiative process is too akin to our basic democratic ideals to have this process made unduly burdensome." *United Labor Committee of Missouri v. Kirkpatrick,* 572 S.W.2d 449, 454, 455 (Mo. banc 1978).

▉ Respondents contend that § 116.-110, *supra,* is merely procedural legislation to implement the provisions of the initiative and referendum process, and point out that procedures for initiative and referendum are generally provided by legislation. 42

Am.Jur.2d, *Initiative and Referendum* § 4. When duly enacted, such legislation carries a presumption of constitutional validity. *Planned Indus. Expansion Auth. of St. Louis v. Southwestern Bell Telephone Co.,* 612 S.W.2d 772, 774 (Mo. banc 1981); *Prokopf v. Whaley,* 592 S.W.2d 819, 824 (Mo. banc 1980); *McKay Buick, Inc., v. Love,* 569 S.W.2d 740, 743 (Mo. banc 1978). However, when such statutes interfere with or impede a right conferred by the constitution, the statute must be held unconstitutional. *United Labor Committee,* 572 S.W.2d at 455; *State ex rel. Randolph County v. Walden,* 357 Mo. 167, 177, 206 S.W.2d 979, 986 (1947). In *State ex rel. Voss v. Davis,* 418 S.W.2d 163 (Mo.1967) this Court noted that the provisions under which the people exercise the power of initiative must be liberally construed so as not to interfere with the initiative process. *Id.* at 167.

Section 116.110 interferes with and impedes the initiative power. Proponents of an initiative petition must be able to rely upon signatures they have obtained. When faced with a similar situation, the California Supreme Court held:

To permit withdrawals after the petition is completed and filed, and the work of securing signatures abandoned, seems to us to make the system wholly unworkable. We do not believe that this mere implied power of the signer, which is not expressly provided for in our Constitution or statutes, can be used so as to jeopardize the exercise of the constitutional right itself.

*Uhl v. Collins,* 217 Cal. 1, 2, 17 P.2d 99, 100 (1932).

▉ Respondents cite *Missouri Farm Bureau Federation v. Kirkpatrick,* 603 S.W.2d 947 (Mo. banc 1980), arguing that withdrawals are not unconstitutional since the initiative process inherently must include the right to withdraw. Respondents are correct to the extent that withdrawals of signatures may be accomplished before the filing deadline. This Court, however, specifically adopted the statement of law

---

davit requesting that his signature be withdrawn. If the secretary of state receives such an affidavit before the day he certifies

the petition he shall strike the signature and not count it.

reflected in 42 Am.Jur.2d, *Initiative and Referendum* § 31 (1969) as to withdrawal after filing. "[W]here a statute prescribes a certain time within which a referendum petition may be filed, generally signers of the instrument may withdraw therefrom at any time during the period allowed for filing but not after the expiration of that period." *Id.* This principle, which *a fortiori* would also be true of a constitutional filing deadline, is not unduly burdensome to the signer of a petition. An individual's signature on an initiative petition serves only to secure placement of a proposition before the voters; it does not foreclose the signatory's right to vote his conscience for or against the proposition when it appears on a ballot. *See* 42 Am.Jur.2d, *Initiative and Referendum* § 1 (1969). It must be presumed that when someone signs an initiative petition, he is aware of its contents. The importance of an exercise of the constitutional power of initiative precludes any other presumption. Consequently, absent fraud, deceit, misrepresentation, duress, etc., no party may be allowed to withdraw his name from an initiative petition after it has been filed. *See Mahan v. Wilson,* 169 Ark. 117, 273 S.W. 383, (1925); *Echols v. Trice,* 130 Ark. 97, 196 S.W. 801, (1917).

Accordingly, as per the order of September 20, 1982, the judgment of the trial court is reversed and the Secretary of State is directed to take all steps necessary to assure that the initiative petition will be on the ballot throughout the State of Missouri at the General Election on November 2, 1982.

SEILER, Acting C. J., and HENLEY and WELBORN, Senior Judges, concur.

JAMES A. FINCH, Jr., Senior Judge, dissents in separate dissenting opinion filed.

WELLIVER and GUNN, JJ., dissent and concur in separate dissenting opinion of JAMES A. FINCH, Jr., Senior Judge.

DONNELLY, C. J., and RENDLEN, J., not sitting.

JAMES A. FINCH, Jr., Senior Judge, dissenting.

I respectfully dissent.

The principal opinion holds that § 116.110 RSMo. Supp.1981 is unconstitutional. In so holding, it states that "withdrawals of signatures may be accomplished before the filing deadline." Necessarily, this statement means that if § 116.110 had provided that any voter who had signed the initiative petition could withdraw their signature up to a date four months before the election (the filing deadline for the petition), the statute would have been constitutional. Therefore, the only thing which makes this statute unconstitutional, according to the principal opinion, is the fact that it authorizes withdrawal up to the time of certification by the Secretary of State.

I find nothing in the language of Mo. Const., Art III, §§ 49 and 50, which compels such a conclusion. Neither do I interpret the language of *Missouri Farm Bureau v. Kirkpatrick,* 603 S.W.2d 947 (Mo. banc 1980) as holding that a procedural statute such as § 116.110 would be a violation of the applicable constitutional provisions. Rather, the court, relying on a fairness doctrine, as enunciated in 42 Am.Jur.2d, *Initiative and Referendum* § 31 (1969), and on the idea that allowing withdrawal subsequent to the filing deadline might open the door to fraud, held that petitioners would not be allowed to withdraw their signatures after the deadline for filing the initiative petition. No statute was involved and a constitutional basis for the court's action was not stated or relied upon.

Section 116.110 became effective subsequent to the decision in *Missouri Farm Bureau v. Kirkpatrick,* supra. The provision therein which allows withdrawal of signatures by affidavit of the signer prior to certification by the Secretary of State is purely procedural. It is a reasonable provision and does not violate any of the provisions of Mo.Const. Art. III, §§ 49 and 50. I would hold it to be constitutional.